# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE HURLESS<br>16221 Township Road 55<br>Belle Center, Ohio 43310,<br><br>        Plaintiff,<br><br>        v.<br><br>HONDA OF AMERICA MFG., INC.<br>12500 Meranda Road<br>Anna, Ohio 45302<br><br>    **Serve Also:**<br>    Honda of America Mfg., Inc.<br>    c/o Incorp Services, Inc.<br>    9435 Waterstone Boulevard, Suite 140<br>    Cincinnati, Ohio 45249<br><br>        Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Christine Hurless, by and through undersigned counsel, as her Complaint against Defendant Honda of America Mfg., Inc. ("Honda"), states and avers the following:

## PARTIES, VENUE, & JURISDICTION

1. Hurless is a resident of the village of Belle Center, Logan County, Ohio.

2. At all times herein, Hurless was acting in the course and scope of her employment.

3. Honda is a domestic corporation that does business at 12500 Meranda Road, Anna, Shelby County, Ohio 45302 ("Anna Location").

4. Honda's principal place of business is located in the city of Marysville, Union County, Ohio.

5. Honda is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hurless is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*

7. This Court has supplemental jurisdiction over Hurless's state law claims pursuant to 28 U.S.C. § 1367 as Hurless's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Hurless filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-202-00033 against Honda ("Hurless EEOC Charge").

10. On or about May 10, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Hurless regarding the Charges of Discrimination brought by Hurless against Honda in the Hurless EEOC Charge.

11. Hurless received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Hurless has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Hurless has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. On or about May 13, 2013, Hurless began working for Honda.

15. Honda employed Hurless as an assembly line assistant.

16. Honda was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

17. At all times relevant herein, Hurless was employed by Honda for at least 12 months and had at least 1,250 hours of service with Honda and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

18. Hurless has coronary artery disease, chronic obstructive pulmonary disease (COPD), orthostatic hypotension, anxiety, and depression ("Hurless's Conditions").

19. In 2016, Hurless had a medical emergency at work, where she became dizzy and unable to stand ("Emergency").

20. The Emergency was caused by Hurless's Conditions.

21. During the Emergency, a coworker called an ambulance to take Hurless to the hospital.

22. During the Emergency, an ambulance came to the Anna Location to take Hurless to the hospital.

23. After the Emergency, Honda knew about Hurless's Conditions.

24. Hurless's Conditions constitute a physical and/or mental impairment.

25. Hurless's Conditions significantly limit her in one or more major life activities, including standing.

26. Hurless has a record of physical and/or mental impairment.

27. Honda perceived Hurless as disabled.

28. Hurless is disabled within the meaning of ADA.

29. Hurless is disabled within the meaning of R.C. § 4112.01 *et seq.*

30. Because of Hurless's Conditions, she submitted a request to Honda's human resources department to permit her to sit while working ("Request for Accommodation").

31. Hurless made the Request for Accommodation multiple times.

32. Hurless made the Request for Accommodation because of Hurless's Conditions.

33. Honda knew that Hurless made the Request for Accommodation because of Hurless's Conditions.

34. The Request for Accommodation was reasonable.

35. Honda had available positions that would allow Hurless to sit.

36. Honda could have granted the Request for Accommodation without undue burden on the company.

37. Honda denied the Request for Accommodation.

38. Honda's denial of the Request for Accommodation was an adverse employment action.

39. Honda did not engage in the interactive process to determine whether there was an available accommodation for Hurless's Conditions.

40. In or about October 2019, Hurless applied for FMLA leave ("Leave Request").

41. Hurless made the Leave Request because of Hurless's Conditions.

42. Hurless made the Leave Request because Honda did not accommodate Hurless's Conditions.

43. Hurless would have been able to work if Honda had allowed her to sit in a chair while working.

44. In or about October 2019, Hurless qualified for FMLA leave.

45. Hurless's Leave Request was a request for FMLA leave.

46. Hurless's Leave Request was a request for disability accommodation.

47. Honda granted the Leave Request.

48. On or about March 10, 2020, Honda terminated Hurless's employment ("Termination").

49. The Termination was an adverse employment action.

50. The Termination was an adverse action.

51. Honda has a progressive disciplinary policy ("Discipline Policy").

52. A verbal warning is the lowest level of discipline in the Discipline Policy.

53. Hurless did not receive a verbal warning before the Termination.

54. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

55. Hurless did not receive a written warning before the Termination.

56. A termination is the highest level of discipline in the Discipline Policy.

57. Honda knowingly skipped progressive disciplinary steps in terminating Hurless.

58. Honda knowingly terminated Hurless's employment.

59. Honda knowingly took an adverse employment action against Hurless.

60. Honda knowingly took an adverse action against Hurless.

61. Honda intentionally skipped progressive disciplinary steps in terminating Hurless.

62. Honda intentionally terminated Hurless's employment.

63. Honda intentionally took an adverse employment action against Hurless.

64. Honda intentionally took an adverse action against Hurless.

65. Honda knew that skipping progressive disciplinary steps in terminating Hurless would cause Hurless harm, including economic harm.

66. Honda knew that terminating Hurless would cause Hurless harm, including economic harm.

67. Honda willfully skipped progressive disciplinary steps in terminating Hurless.

68. Honda willfully terminated Hurless's employment.

69. Honda willfully took an adverse employment action against Hurless.

70. Honda willfully took an adverse action against Hurless.

71. On or about March 10, 2020, Honda terminated Hurless's employment because of her disability.

72. On or about March 10, 2020, Honda terminated Hurless's employment because of her perceived disability.

73. On or about March 10, 2020, Honda terminated Hurless's employment in retaliation for her use of qualified FMLA leave.

74. As a direct and proximate result of Honda's conduct, Hurless suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

75. Hurless restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Honda treated Hurless differently than other similarly-situated employees based on her disabling condition.

77. Honda treated Hurless differently than other similarly-situated employees based on her perceived disabling condition.

78. On or about March 10, 2020, Honda terminated Hurless's employment without just cause.

79. Honda terminated Hurless's employment based on her disability.

80. Honda terminated Hurless's employment based on her perceived disability.

81. Honda violated ADA when it discharged Hurless based on her disability.

82. Honda violated ADA when it discharged Hurless based on her perceived disability.

83. Honda violated ADA by discriminating against Hurless based on her disabling condition.

84. Honda violated ADA by discriminating against Hurless based on her perceived disabling condition.

85. Hurless informed Honda of her disabling condition.

86. Hurless requested accommodations from Honda to assist with her disabilities, including performing sedentary work.

87. Hurless's requested accommodations were reasonable.

88. There was an accommodation available that would have been effective and would have not posed an undue hardship to Honda.

89. Honda failed to engage in the interactive process of determining whether Hurless needed an accommodation.

90. Honda failed to provide an accommodation.

91. Honda violated ADA by failing to provide Hurless a reasonable accommodation.

92. As a direct and proximate result of Honda's conduct, Hurless suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

93. Hurless restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. Honda treated Hurless differently than other similarly-situated employees based on her disabling condition.

95. Honda treated Hurless differently than other similarly-situated employees based on her perceived disabling condition.

96. On or about March 10, 2020, Honda terminated Hurless's employment without just cause.

97. Honda terminated Hurless's employment based on her disability.

98. Honda terminated Hurless's employment based on her perceived disability.

99. Honda violated R.C. § 4112.02 when it discharged Hurless based on her disability.

100. Honda violated R.C. § 4112.02 when it discharged Hurless based on her perceived disability.

101. Honda violated R.C. § 4112.02 by discriminating against Hurless based on her disabling condition.

102. Honda violated R.C. § 4112.02 by discriminating against Hurless based on her perceived disabling condition.

103. Hurless informed Honda of her disabling condition.

104. Hurless requested accommodations from Honda to assist with her disabilities, including performing sedentary work.

105. Hurless's requested accommodations were reasonable.

106. There was an accommodation available that would have been effective and would have not posed an undue hardship to Honda.

107. Honda failed to engage in the interactive process of determining whether Hurless needed an accommodation.

108. Honda failed to provide an accommodation.

109. Honda violated R.C. § 4112.02 by failing to provide Hurless a reasonable accommodation.

110. As a direct and proximate result of Honda's conduct, Hurless suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: RETALIATION IN VIOLATION OF FMLA

111. Hurless restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. During her employment, Hurless utilized FMLA leave.

113. After Hurless utilized her qualified FMLA leave, Honda retaliated against her.

114. Honda retaliated against Hurless by terminating her employment.

115. Honda willfully retaliated against Hurless in violation of 29 U.S.C. § 2615(a).

116. As a direct and proximate result of Honda's wrongful conduct, Hurless is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Hurless respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Honda to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Honda to restore Hurless to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Hurless for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Hurless claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Christine Hurless*

**JURY DEMAND**

Plaintiff Hurless demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)